UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CARDELL CLINTON CAMPBELL and
TRACY JOBIE NELSON,

    Defendants.
_____/

CIVIL ACTION NO. 07-20472

DISTRICT JUDGE VICTORIA A. ROBERTS

MAGISTRATE JUDGE DONALD A. SCHEER

## **ORDER**

The Motions of Defendants Cardell Clinton Campbell and Tracy Jobie Nelson for Retention and Production of Rough Notes, Run Sheets and Radio Transmission of Officers were referred to the undersigned magistrate judge for hearing and determination. The motions were addressed on the record during the hearings on the Defendants' various Motions to Suppress Evidence, on December 17, 2007 and January 25, 2008. Government witness Brian Maligrida testified that he inquired of all officers and agencies participating in the investigation giving rise to the charges in this case, and that no rough notes or recorded radio transmissions were available. He further testified that at least one run sheet had been located. Having reviewed the Defendants' motions, as well as the government's responses, I find that the motions should be denied.

Fed.R.Crim.P. 16 establishes the limits of pretrial disclosure of evidence held by the government in criminal cases. Fed.R.Crim.P. 16(a)(1)(E) provides as follows:

    **(a) Government's Disclosure**.

    **(1) Information Subject to Disclosure**.

* * *

> **(E) Documents and Objects.** Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
>
> > **(i)** the item is material to preparing the defense;
> >
> > **(ii)** the government intends to use the item in its case in chief at trial; or
> >
> > **(iii)** the item was obtained from or belongs to the defendant.

As to the later two categories, the Defendant need not specify the items sought. In the instant case, however, the government has provided evidence that no rough notes or recorded radio transmissions exist. There is no indication that the government intends to introduce any run sheet as evidence in its case in chief, or that any such document was obtained from or belonged to the movants. Tangible evidence meeting the definition contained in Fed.R.Crim.P. 16(a)(1)(E)(i) need not be produced, absent a showing of materiality by the defense. United States v. Jordan, 399 F.2d 610 (2nd Cir.) cert. denied, 393 U.S. 1005 (1968).

> Materiality means more than that the evidence in question bears some abstract or logical relationship to the issues in the case. To obtain documents and tangible objects not originally the property of the excused or evidenced to be used in the government's case in chief, the defendant must show that the pretrial disclosure of the material would 'enable the accused to substantially alter the quantum of proof in his favor.'

Cissell, Federal Criminal Trials (5th Edition) Section 7-6(d). (Citing United States v. Marshall, 532 F.2d 1279, 1285 (9th Cir. 1976); United States v. Buckley, 586 F.2d 498, 506

(5th Cir. 1978), cert. denied, 440 U.S. 982 (1979); United States v. Ross, 511 F.2d 757 (5th Cir. 1975)).  There has been no showing of materiality by either of the moving Defendants.

Brady v. Maryland, 373 U.S. 83 (1963) obligates the government to produce evidence that is materially favorable to the defense.  The rule includes both direct and impeaching evidence.  United States v. Bagley, 473 U.S. 667 (1985).  The government's obligation extends to evidence in the files of police agencies, even if not within the possession of the prosecutor.  Strikler v. Greene, 527 U.S. 263 (1999).

The Brady doctrine does not establish a constitutional right to pretrial discovery in criminal cases.  United States v. Presser, 844 F.2d 1275, 1284 (1976).  Within due process limits, the government has discretion as to when Brady disclosures must be made.  Pennsylvania v. Ritche, 480 U.S. 39 (1987).  In the case at bar, the government has committed to make all Brady material available to defense counsel on the day the trial commences.  I am satisfied that such production would be consistent with due process in this case.

In its response to Defendants' Motions, the government voluntarily directed its agents to preserve rough notes pending the trial of this case.  The subsequent testimony of Agent Malagrida establishes that no rough notes exist, and that any recorded radio broadcasts were destroyed, pursuant to a 30 day destruction policy, prior to the filing of the instant motions.  In the absence of a showing that any existing run sheet will be offered by the government in its case in chief, or is otherwise material to the defense within the meaning of Fed.R.Crim.P. 16, I find no legal basis for an order directing pretrial disclosure.

For all of the above reasons, Defendants Cardell Clinton Campbell and Tracy Jobie Nelson's Motions for Retention and Production of Rough Notes, Run Sheets and Radio Transmission of Officers are denied.

                                              s/Donald A. Scheer
                                              DONALD A. SCHEER
                                              UNITED STATES MAGISTRATE JUDGE

DATED: November 12, 2008

_____

### CERTIFICATE OF SERVICE

I hereby certify on November 12, 2008 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on November 12, 2008: **None.**

                                              s/Michael E. Lang
                                              Deputy Clerk to
                                              Magistrate Judge Donald A. Scheer
                                              (313) 234-5217