UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,                   Case No. 2:07-cr-20472-2

v.                                    Honorable Susan K. DeClercq
                                            United States District Judge

MATT PRESTON STEWART,

                Defendant.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR
EARLY TERMINATION OF SUPERVISED RELEASE (ECF No. 178)**

In June 2010, Defendant Matt Preston Stewart pleaded guilty to conspiracy to distribute more than five kilograms of cocaine in violation of 21 U.S.C. §§ 841 and 846. ECF No. 152 at PageID.1383. In March 2011, Stewart was sentenced to 240 months' imprisonment to be followed by a 10-year term of supervised release. ECF No. 159 at PageID.1403–04. Stewart began serving his 240-month prison sentence in January 2012, *see* ECF No. 169, and was later placed on home confinement under the First Step Act of 2018 and the CARES Act of 2020. *See* ECF Nos. 178 at PageID.1457; 182 at PageID.1490.

But in December 2024, former President Joseph R. Biden Jr. granted Stewart clemency, commuting Stewart's sentence to expire on December 22, 2024, but "leaving intact and in effect [his] term of supervised release . . . ." ECF No. 177 at

PageID.1432, 1450.

On January 15, 2026—after serving one year and three weeks of his term of supervised release—Stewart moved for early termination of his supervised release, arguing that he has demonstrated good cause for early termination on account of his nearly five years of full-time employment, community service, continued education, full compliance with the conditions of his supervised release, and overall "stable community re-integration with a residence, employment, family involvement and church affiliation." ECF No. 178 at PageID.1460–61.

The Government opposes Stewart's motion, arguing that Stewart has simply complied with his conditions of supervised release, "complet[ed] less than a year and a half of his ten-year term" for a serious offense, and has otherwise not shown changed circumstances or that his release is in the interest of justice. ECF No. 182 at PageID.1489. As for Stewart's probation officer, the officer has no objections to Stewart's motion, *see* ECF No. 178 at PageID.1460, but also has never had direct contact with him, *see* ECF No. 182 at PageID.1491.

"A district court may, after considering a subset of the sentencing factors set forth in [18 U.S.C.] § 3553(a), terminate a term of supervised release 'at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." *United States v. Hale*, 127 F.4th 638, 640 (6th Cir. 2025) (quoting 18 U.S.C.

§ 3583(e)(1)). "The conjunction 'and' used in the statute clearly indicates that a district court must conclude that the early termination of supervised release is warranted by the individual's conduct and also by the interest of justice." *United States v. Suber*, 75 F. App'x 442, 444 (6th Cir. 2003). The factors provided in § 3553(a) include the following:

> the nature and circumstances of the offense and history of the defendant, the need for the sentence to provide adequate deterrence, the need to protect the public from further crimes of the defendant, the need to provide the defendant with needed educational or vocational training or other services, the range of sentences provided by the applicable sentencing guideline calculations, policy statements issued by the United States Sentencing Commission, the need to avoid sentencing disparities, and considerations of restitution.

*United States v. Holmes*, No. 23-20138, 2025 WL 2589569, at *1 (E.D. Mich. Aug. 14, 2025); 18 U.S.C. § 3553(a). A court may also consider whether the defendant has exhibited changed circumstances such as "exceptionally good behavior," *see United States v. Atkin*, 38 F. App'x 196, 198 (6th Cir. 2002); but such a finding is not "an absolute prerequisite to relief." *Hale*, 127 F.4th at 641.

This Court finds that terminating Stewart's supervised release after almost 1.5 years into his 10-year term is not warranted by his conduct or in the interests of justice at this time. *See Hale*, 127 F.4th at 640. First, the nature and circumstances of Stewart's offense are serious. *See* ECF No. 152 at PageID.1384–85 (pleading guilty to being found in possession of 9.5 "kilograms of cocaine, packaging materials, two handguns, and approximately $167,000"); *see also United States v.*

*Dilg*, 726 F. App'x 368, 371 (6th Cir. 2018) ("We have categorically labeled drug offenses as serious."). Moreover, Stewart's criminal history does not suggest that more than an 85% reduction in his supervised-release term is warranted, given that this is not his first serious drug offense. Notably, Stewart committed the present offense three years after serving a 12-year prison sentence for cocaine possession. *See* ECF Nos. 182 at PageID.1490, 1493; 159 at PageID.1403 (imposing a higher prison sentence because of his criminal history). This history suggests that Stewart would benefit from a longer term of supervised release to adequately deter him from becoming involved in unlawful drug activity again and generally protect the public from such activity. *See United States v. Laughton*, 658 F. Supp. 3d 540, 545 (E.D. Mich. 2023) (denying a motion for early termination of supervised release in part because the defendant's criminal history showed that he "is a seasoned drug trafficker").

Second and relatedly, Stewart has barely surpassed the statutory minimum one-year threshold to be considered for early termination of supervised release. *See* 18 U.S.C. § 3583(e)(1); *compare* ECF No. 177 (having his sentence commuted in December 2024) *with* ECF No. 178 (moving for early termination of supervised release in January 2026). Although this Court will not hold Stewart to completing a specific percentage of his supervised release, *see United States v. Collins*, 171 F.4th 830, 835–36 (6th Cir. 2026), his completion of almost 15% of his term—to date—

does not suggest that the primary goal for supervised release has been achieved yet. *See Johnson v. United States*, 529 U.S. 53, 59 (2000) (observing that Congress's primary goal for supervised release "is to ease the defendant's transition into the community after the service of a long prison term for a particularly serious offense, or to provide rehabilitation . . .") (quoting Senate Rep. No. 98–225, 1, 124 (1984)).

Third, this Court finds that Stewart's educational and vocational efforts, while commendable, do not constitute "exceptionally good behavior" but rather what "is expected of everyone release from prison." *United States v. Vary*, 683 F. Supp. 3d 666, 670 (E.D. Mich. 2023). Similarly, Stewart not violating the terms of his supervised release demonstrates "faithful compliance," which "is not an inherently sufficient reason for early termination. *United States v. Anderson*, No. 22-20085, 2024 WL 3272125, at *2 (E.D. Mich. June 25, 2024). Indeed, "[i]f 'unblemished' postrelease conduct warranted termination of supervised release, then the exception would swallow the rule, i.e., diligent service of the full period of supervised release imposed at sentencing." *Vary*, 683 F. Supp. 3d at 669 (cleaned up). "And no third party [such as a psychologist, pastor, or colleague] has suggested that his postrelease conduct outweighs his criminal conduct." *Laughton*, 658 F. Supp. 3d at 545. Accordingly, this Court finds that Stewart's behavior, albeit commendable, does not support early termination of supervised release at this time. *See id.* at 669–70 (denying a motion for early termination of supervised release despite the defendant

maintaining employment, volunteering, participating in church, attending therapy, and not violating the conditions of his term).

As for the other § 3553(a) factors, Stewart presents no policy statements—and this Court is not aware of any—nor arguments about avoiding sentence disparities in support of his motion for early termination. *See id.* at 670; *see also* ECF No. 178. Restitution was not ordered in this case, so this factor is not relevant for this Court's consideration. *See Vary*, 683 F. Supp. 3d at 671. Finally, although Stewart's probation officer does not oppose Stewart's motion, his probation officer has not had direct contact with Stewart from which this Court could be better informed as to the officer's specific input about Stewart's conduct and likelihood of recidivism. *See United States v. Goodwin*, No. 17-20018, 2025 WL 1982873, at *2 (E.D. Mich. July 8, 2025) ("The probation officer's input is important and helpful.").

In sum, having considered the relevant factors under § 3553(a), this Court finds that at this time, early termination of supervised release is not warranted nor in the interests of justice. *See Suber*, 75 F. App'x at 444.

Accordingly, it is **ORDERED** that Defendant's Motion for Early Termination from Supervised Release, ECF No. 48, is **DENIED WITHOUT PREJUDICE**.

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: May 13, 2026

- 6 -